IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| TYRELL L. KNIGHT, | ) | |
| | ) | CASE NO. BK06-41610-TLS |
| Debtor(s). | ) | A06-4105-TLS |
| TYRELL L. KNIGHT, | ) | 4:06CV3065 |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| RAYMOND EDELMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This case has been referred to the Bankruptcy Court because the plaintiff is in a bankruptcy case.

Mr. Knight currently has four prisoner civil rights lawsuits pending in the United States District Court for the District of Nebraska. He filed a Chapter 7 bankruptcy petition on November 22, 2006, which caused his pending civil cases to be referred to this court. The bankruptcy schedules list no non-exempt assets. He did not include his pending lawsuits among his assets. His only debts appear to be $1,464.74 in filing fees owed to the Clerk of the United States District Court for his civil rights litigation, and $354.94 owed to the Nebraska Department of Correctional Services for postage, copies, and restitution.

Debts for a prisoner's filing fees generally are not dischargeable in bankruptcy.

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt —
> (17) for a fee imposed on a prisoner by any court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor under subsection (b) or (f)(2) of section 1915 of title 28 (or a similar non-Federal law), or the debtor's status as a prisoner, as defined in section 1915(h) of title 28 (or a similar non-Federal law)[.]

11 U.S.C. § 523(a)(17).

This section was added to the Bankruptcy Code in 1996 as part of the Prison Litigation Reform Act of 1995. Pub. L. No. 104-134, 110 Stat. 1321-66. Its purpose is to reduce the number of frivolous prisoner filings by preventing prisoners from using *in forma pauperis* provisions as a means to avoid filing fees. *South Bend Cmty. Sch. Corp. v. Eggleston*, 215 B.R. 1012, 1016-17 (N.D. Ind. 1997). As a result, a prisoner who brings a civil action *in forma pauperis* must pay the full amount of the filing fee, with an initial partial payment and monthly payments thereafter. 28 U.S.C. § 1915(b). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amended § 523(a)(17) to clarify that it applies only to prisoners.[1]

Because it appears, first, that the debtor did not serve notice of his bankruptcy case on the United States Attorney, as counsel for the creditor to whom the court filing fees are owed, or on counsel for the State of Nebraska; and second, that the debtor did not list his pending lawsuits as assets of his bankruptcy estate, which the Chapter 7 Trustee could evaluate in terms of their value to the estate, I will direct the Clerk of the Bankruptcy Court to provide the United States Attorney with a copy of this order.

The United States Attorney and the Chapter 7 Trustee should then file status reports concerning how this case should be handled, specifically whether it should proceed in this court or be returned to the district court. Any other party who so desires may weigh in with a status report as well. Another order will be entered after the status reports have been reviewed.

IT IS ORDERED:

> 1. The Clerk of the Bankruptcy Court shall provide the United States Attorney with a copy of this order.
>
> 2. The United States Attorney and the Chapter 7 Trustee shall each file a status report on this matter by February 23, 2007. Any other party may file a status report by that date as well. If applicable, the same status report may be filed

---

[1]*See* H.R. Rep. No. 109-31(I) at 69 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 137-38 (footnote omitted):

> Sec. 301. Technical Amendments. Section 301 of the Act makes a clarifying amendment to section 523(a)(17) of the Bankruptcy Code concerning the dischargeability of court fees incurred by prisoners. Section 523(a)(17) was added to the Bankruptcy Code by the Omnibus Consolidated Rescissions and Appropriations Act of 1996 to except from discharge the filing fees and related costs and expenses assessed by a court in a civil case or appeal. As the result of a drafting error, however, this provision might be construed to apply to filing fees, costs or expenses incurred by any debtor, not solely by those who are prisoners. The amendment eliminates this ambiguity and makes other conforming changes to narrow its application in accordance with its original intent.

in each of the adversary proceedings associated with Mr. Knight's bankruptcy case, as long as the caption accurately reflects the appropriate case number(s).

DATED:   January 18, 2007

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    Tyrell LeRon Knight
    Stephanie Zeeb
    Rick Lange
    Nebraska Dept. of Correctional Services, Legal Division
    United States Attorney
    United States Trustee
    Clerk of the United States District Court