UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRELL KNIGHT, | ) | 4:06CV3065 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING |
| RAYMOND EDELMAN, sued in both | ) | PLAINTIFF'S MOTION FOR |
| his individual and official capacities; | ) | APPOINTMENT OF |
| UNKNOWN NOORDHOCK, Corporal, | ) | COUNSEL FOR TRIAL |
| sued in both his individual and | ) | |
| official capacities; | ) | |
| CALVIN HAYWOOD, sued in both | ) | |
| his individual and official capacities; | ) | |
| and | ) | |
| UNKNOWN PIPER, Sergeant, sued in | ) | |
| both his individual and official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Tyrell Knight, pro se, requests that the court appoint him counsel for his upcoming trial. He asserts that he is homeless and cannot afford an attorney. He further asserts that because he is not an attorney, he does not know how to conduct a trial.

In making a determination to appoint counsel, a court must determine whether the pro se litigant has presented a nonfrivolous claim and whether the nature of the litigation will make the appointment of counsel of benefit to the litigant and the court. Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990). Several factors should be considered, including the pro se litigant's ability to investigate facts and present claims and the complexity of the factual and legal issues. Id. These factors are not an exclusive list and the weight

given to any one factor will vary with the case.  <u>Johnson v. Williams</u>, 788 F.2d 1319, 1323 (8th Cir. 1986).

Here, Knight initially filed a complaint on March 24, 2006, asserting federal rights claims pursuant to 42 U.S.C. § 1983.  More specifically, Knight alleges that on February 23, 2006, caseworker Raymond Edelman and the other defendants used excessive force which resulted in the infliction of physical injuries on Knight.  Knight asserts that defendants' actions constituted cruel and unusual punishment.  Docket 1.  Two months later, on May 24, 2006, Knight filed an amendment to the complaint, asserting he was suing defendants in both their individual and official capacities.  Docket 7.  Throughout the course of this litigation, Knight has made various motions, including two motions for extension of time to pay an initial filing fee, a motion to sequester a video tape, a motion for extension of time to prepare paperwork, a motion for transport to the pretrial conference, and a motion for default judgment.  Dockets 8, 11, 10, 61, 68, 69.  He has also filed interrogatories in regard to Raymond Edelman and an affidavit of another inmate in support of his claims.  Dockets 36, 45.

Additionally, after his complaint was dismissed without prejudice because he was released from custody and failed to file a new application to proceed in forma pauperis, Knight moved for reconsideration of the ruling, asserting that he was confused and that he recently had been hospitalized. Dockets 52, 54.  The court granted Knight's motion and reinstated the matter

2

to the active docket.  Docket 57.  On September 30, 2008, Knight appeared at the final pretrial conference.  The parties disclosed exhibits, agreed to uncontroverted facts, set forth controverted and unresolved issues, disclosed witnesses, estimated the length of trial, and determined the deadlines for trial briefs and proposed findings of fact and conclusions of law.  Docket 70.  The trial is currently set to commence on March 24, 2009.  Docket 73.  Knight has filed his trial brief and evidence index.  Dockets 76, 77.

Based upon the record of this case, the court finds that Knight is not entitled to appointment of counsel.  Knight has demonstrated his ability to investigate facts by his recognition of the use of interrogatories as a method in which to gather information from defendants, by his use of an inmate affidavit to support his claims, and by his request for a video tape of the alleged incident. Further, Knight has illustrated his ability to present claims by filing a complaint and attending a pretrial conference in which he and opposing counsel determined uncontroverted facts and controverted facts in the case. Finally, Knight has shown that the factual and legal issues are not too complex for him to understand.  He has filed a trial brief, detailing a statement of facts, proposed findings of fact, and applicable law and an exhibit index, which includes documents he believes are pertinent to his case.  Also, significantly, this is a bench trial, meaning that Knight's pro se status and eloquence in the courtroom will not be subjected to jury scrutiny.  Accordingly, the court does not find that the appointment of counsel would benefit Knight

or the court as Knight's claims do not appear so complex as to be beyond his
ability to present and investigate the issues.

Based on the foregoing, it is hereby

ORDERED that plaintiff's motion for appointment of counsel for trial
(Docket 79) is denied.

Dated February 17, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

4