UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRELL KNIGHT, | ) | 4:06CV3065 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING |
| RAYMOND EDELMAN, sued in both | ) | PLAINTIFF'S MOTION TO |
| his individual and official capacities; | ) | AMEND COMPLAINT |
| UNKNOWN NOORDHOCK, Corporal, | ) | |
| sued in both his individual and | ) | |
| official capacities; | ) | |
| CALVIN HAYWOOD, sued in both his | ) | |
| individual and official capacities; and | ) | |
| UNKNOWN PIPER, Sergeant, sued in | ) | |
| both his individual and official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff moves to amend his complaint. Defendants oppose the motion. The motion is denied.

**DISCUSSION**

Plaintiff requests that the court allow him time to amend his complaint because he has recently retained counsel. Plaintiff requests time to research and draft a more adequate complaint. Defendants oppose plaintiff's request because this case has been pending for almost three years. Defendants emphasize that plaintiff's claim is simple, the pretrial conference has already been held, and defendants have a right to a timely trial.

Pursuant to Nebraska Local Rule of Practice 15.1, "[a] party who moves for leave to amend a pleading . . . shall file as an attachment to the motion an unsigned copy of the proposed amended pleading." Additionally, "[t]he motion for leave to amend shall set forth specifically the amendments proposed to be

made to the original pleading, state whether the motion is unopposed, and identify the amendments in the proposed amended pleading."[1]  Here, plaintiff failed to comply with the requirements of the local rules.  Plaintiff merely submitted a one-page document entitled motion to amend complaint.  Docket 91.  Within his motion, plaintiff referenced the reasons for requesting additional time to amend his complaint, but failed to attach an unsigned copy of the proposed amended pleading.  Also, plaintiff did not set forth the substance of the proposed amendments, state whether the motion was unopposed, or identify the amendments in the proposed amended pleading.  Accordingly, the court finds that because plaintiff did not comply with the local rules when filing his motion to amend complaint, his motion is denied.

Even if plaintiff had properly complied with the local rules when drafting and filing his motion to amend complaint, the court finds that plaintiff's motion would still be denied.  Federal Rule of Civil Procedure 15(a)(2) governs the pretrial amendment of pleadings and states that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  The Rule provides that "[t]he court should freely give leave when justice so requires."  But parties do not have an absolute right to amend their pleading, even under this liberal standard.  <u>United States ex rel. Lee v. Fairview Health Sys.</u>, 413 F.3d 748, 749 (8th Cir. 2005).  A district court appropriately denies the movant leave to amend if "there are compelling reasons such as undue delay,

---

[1] Plaintiff is no longer representing himself pro se.  Rather, his attorney filed the motion to amend the complaint and, therefore, the court will hold plaintiff's attorney accountable for knowledge of the local rules.

bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotations omitted).

Here, plaintiff filed his original complaint on March 24, 2006, and his motion to amend nearly three years later and just three weeks before trial. Given this delay and the fact that plaintiff has not notified the court as to what he will include in his amended complaint, the court finds that allowing the amendment would unduly delay the litigation. Significantly, the discovery and motions deadlines have passed, and a pretrial conference has been conducted, which clarified the issues raised by the case, determined potential witnesses, and identified the parties' exhibits. The trial is set to commence in approximately two weeks on March 24, 2009. Further, the court finds that allowing plaintiff to amend his complaint will unduly prejudice defendants because defendants would not have time to adequately prepare to respond to any new allegations at trial which is scheduled to commence in two weeks.

Accordingly, it is hereby

ORDERED that plaintiff's motion to amend complaint (Docket 91) is denied.

Dated March 9, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

3